Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| JOSÉ A. CRUZ VEGA<br><br>Recurrente<br><br>v.<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS<br><br>Recurridos | KLRA202400310 | *Revisión Administrativa* Procedente de la Autoridad de Acueductos y Alcantarillados<br><br>Caso Núm.: OA-23-018<br><br>Sobre: Impugnación de Interinato en Puesto de Gerente de Compras, Directorado de Compras y Logística |

Panel integrado por su presidenta, la Jueza Ortíz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez.

**Rivera Pérez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 15 de julio de 2024.

Comparece ante nos el Sr. José A. Cruz Vega (en adelante, Sr. Cruz Vega) y nos solicita la revisión parcial de la *Resolución Final* emitida el 25 de abril de 2024 y notificada el 22 de mayo de 2024 por la Oficina de Apelaciones de la Autoridad de Acueductos y Alcantarillados (en adelante, Oficina de Apelaciones de la AAA).[1] Mediante el referido dictamen, la Oficina de Apelaciones de la AAA declaró Con Lugar el recurso de apelación presentado por el Sr. Cruz Vega.[2]

Por los fundamentos que exponemos, se confirma la *Resolución Final* recurrida.

---

[1] Apéndices 1 de *Solicitud de Revisión*, a la págs. 1-11.
[2] *Íd.*

Número Identificador

SEN 2024_____

**I.**

El 10 de mayo de 2023, el Sr. Cruz Vega presentó un recurso de *Apelación* ante la Oficina de Apelaciones de la AAA, mediante el cual impugnó la designación interina de la Sra. Mariangelys Viruet Díaz al puesto de Gerente de Compras en el Directorado de Compras y Logística de la AAA por esta alegadamente no reunir los requisitos mínimos de experiencia requeridos para ocupar el puesto.[3] En lo pertinente, el Sr. Cruz Vega alegó en su escrito de apelación lo siguiente:

> "[...]
>
> c) La parte apelante ocupa el puesto de Oficial de Servicios Gerenciales en la Oficina de Cumplimiento-SSOMP, adscrita al Directorado de Cumplimiento, Salud y Seguridad Ocupacional en la Oficina Central de la AAA.
>
> d) La parte apelante participó en el proceso de certificación y selección llevado a cabo para ocupar el puesto 1527-0002 de Gerente de Compras, Convocatoria Núm. 2019-34-NC. El apelante fue certificado como un candidato cualificado, figuró en la certificación de elegibles, fue entrevistado, pero no fue seleccionado. El nombramiento recayó en la Sra. Ivelisse Ortiz Delgado.
>
> [...]
>
> f) El apelante reúne todos los requisitos mínimos establecidos por la AAA para el puesto de Gerente de Compras, según el Perfil de la Clase.
>
> g) Recientemente el apelante advino en conocimiento de la designación de una empleada para desempeñar interinamente el puesto de Gerente de Compras sin cumplir con los requisitos mínimos que se requieren a un aspirante al puesto de Gerente de Compras. Específicamente, la empleada designada no cumple con los requisitos mínimos de experiencia.
>
> h) El apelante no fue considerado por la AAA para ejercer el interinato en el puesto de Gerente de Compras a pesar de figurar en el registro de elegibles y en la certificación de elegibles de la convocatoria 2019-34-NC.
>
> i) El 14 de abril de 2023, la parte apelante remitió una comunicación a la Sra. Waleska López Faría, Directora de Recursos Humanos y Relaciones Laborales, solicitándole que dejara sin efecto el nombramiento interino en el puesto de Gerente de Compras de la Sra.

---

[3] Apéndice 4 de *Solicitud de Revisión*, a la págs. 29-45.

Mariangelys Viruet Díaz, por razón de que no cumple con los requisitos mínimos establecidos para el puesto. En su comunicación, el apelante le informó que dicho nombramiento violó el principio de mérito, el Reglamento de Recursos Humanos y el estado de derecho vigente. Le indico que él cumple con todos los requisitos establecidos y que existen otros candidatos gerenciales de carrera que cumplen con todos los requisitos mínimos; los cuales tienen prioridad sobre aquellos que no los reúnen para ejercer el interinato en dicho puesto y en cualquier otro puesto gerencial de carrera vacante que vaya a ser ocupado mediante un interinato, durante el periodo que tome el proceso de convocatoria, certificación y selección. Le informó que es una persona con impedimento cualificada e invocó sus derechos a tenor con la Declaración de la Política Pública sobre la Carta de Derechos de las Personas con Impedimentos, Ley núm. 238 2004, según enmendada. En la cual se reconoce el principio esencial de la igualdad humana como elemento al reclutar, seleccionar, adiestrar, retribuir, retener y brindar trato igual en todo lo relacionado al empleo de los recursos humanos. El apelante, al ser una persona con impedimento y cumplir con todos los criterios y requerimientos necesarios para ocupar una plaza vacante y que la Autoridad se encuentra en necesidad de llenar la misma, está siendo discriminado al no ser evaluado para llenar la plaza interinamente. También notificó su disponibilidad para el puesto y solicitó se le extendiera el nombramiento interino en el puesto de Gerente de Compras Anejo 1.

j) Mediante comunicación del 27 de abril de 2023, la señora López Faría, Directora de Recursos Humanos y Relaciones Laborales, le notificó a la parte apelante que "su solicitud para que se deje sin efecto la sustitución interina del puesto de Gerente de Compras del Directorado de Compras y Logística (Región Sede) no procede". Sostiene la Directora de Recursos Humanos y Relaciones Laborales que la AAA puede extender interinatos a empleados que al menos reúnan el requisito de preparación académica. Ello, sin tomar en consideración la condición de persona con impedimento cualificada del apelante y la existencia de otros candidatos cualificados que cumplan con todos los requisitos mínimos establecidos."

Finalmente, el Sr. Cruz Vega solicitó que se dejara sin efecto la designación de la Sra. Mariangelys Viruet Díaz. Además, alegó que él personalmente cumplía con los requisitos para ocupar el puesto en cuestión, por lo que solicitó que se ordenara su nombramiento al mismo.

El 31 de mayo de 2023, la AAA presentó su *Contestación a Apelación*.[4] En síntesis, la AAA negó haber violado los reglamentos y leyes aplicables al designar interinamente a la Sra. Mariangelys Viruet Díaz al puesto de Gerente de Compras. Entre sus defensas, la AAA alegó que el Reglamento de Recursos Humanos de la Autoridad de Acueductos y Alcantarillados *para todos los empleados regulares no cubiertos por convenios colectivos* del 28 de febrero de 2008 establecía que, para la designación de interinatos, se podía considerar a aquellos empleados que cumplieran con al menos los requisitos académicos exigidos, como sucedía con la Sra. Mariangelys Viruet Díaz.

Luego de varios trámites procesales, el 20 de marzo de 2024, las partes presentaron conjuntamente *"Estipulación de Hechos y Planteamientos de Derecho"*,[5] en la que estipularon los siguientes hechos:

> **"Hechos Estipulados**
>
> 1. El apelante José A. Cruz Vega es empleado gerencial de la Autoridad y ocupa un puesto de Oficial de Servicios Gerenciales en el área de Gerencia Operación y Mantenimiento/Sistemas Colección Sanitaria.
>
> 2. En el año 2019, el apelante participó en el proceso de certificación y selección de la Convocatoria Núm. 2019-34-NC del puesto de Gerente de Compras y fue considerado en la certificación de elegibles.
>
> **3. Durante dicho proceso, el 23 de septiembre de 2019 la Autoridad notificó al apelante que en esa misma fecha su nombre fue incluido en el Registro de Elegibles de Gerente de Compras. Convocatoria 2019-34-NC y que su elegibilidad tendría una duración máxima de seis (6) meses, a partir de la fecha de inclusión en el registro según el Reglamento de Personal vigente.**
>
> 4. Las certificaciones de elegibles de la convocatoria 2019-34-NC se emitieron el 1ro de octubre de 2019.
>
> **5. El 6 de marzo de 2020 se le informó al apelante que no fue seleccionado en el proceso de la convocatoria 2019-34-NC, pero que**

---

[4] Apéndice 5 de *Solicitud de Revisión*, a la págs. 46-51.
[5] Apéndice 12 de *Solicitud de Revisión*, a la págs. 147-165.

**permanecería en el Registro de Elegibles para dicha clase durante la vigencia previamente establecida o según las normas aplicables.**

6. El 16 de diciembre de 2022, la directora de Compras y Logística presentó formulario AAA-1365 para formalizar transacción de interinato a la empleada Mariangelys Viruet Díaz como Gerente de Compras.

7. La empleada Mariangelys Viruet Díaz es empleada de la AAA y ocupa un puesto de Analista de Compras en el área de Compras y Logística.

8. El 20 de diciembre de 2022, el directorado auxiliar de Recursos Humanos Metro remitió al Directorado de Recursos Humanos y Relaciones Laborales, solicitud de aprobación para sustitución interina como Gerente de Compras para la empleada Mariangelys Viruet Díaz.

9. El 20 de diciembre de 2022, la Autoridad expidió certificación de verificación de requisitos (CVR) a la empleada Mariangelys Viruet Díaz en la que establecen que la empleada cumple para el puesto de Gerente de Compras en sustitución interina.

**10. La empleada Mariangelys Viruet Díaz fue evaluada para el puesto de Gerente de Compras en sustitución interina bajo la norma de reclutamiento alternativa núm. 2.**

**11. La norma de reclutamiento de la clase de Gerente de compras en su alternativa núm. 2 dispone: Bachillerato en Administración de Empresas de un Colegio o universidad acreditada. Tres (3) años en actividades de compras de bienes y servicios, que uno de los mismos sea en funciones de supervisión.**

12. Sobre la preparación académica[,] la CVR establece que la empleada posee bachillerato en Administración de Empresas obtenido en el 2016.

**13. Sobre la experiencia, la CVR dispone que la empleada no posee dicha experiencia.**

14. El 22 de diciembre de 2022, se aprobó formulario AAA-1365 "Solicitud de Autorización para Realizar Sustitución Interina" para que la empleada Mariangelys Viruet Díaz desempeñe las funciones en el puesto núm. 1527-0007 de Gerente de Compras.

15. La razón para la sustitución interina al puesto de Gerente de Compras surge para cubrir las necesidades del puesto ocupado por Itzem Velázquez, quien está interina como Gerente de Cumplimiento en el Laboratorio Central.

16. La empleada Mariangelys Viruet Díaz fue designada a realizar todas las funciones del puesto

de Gerente de Compras mediante sustitución interina efectivo el 29 de diciembre de 2022.

17. La empleada Mariangelys Viruet Díaz continúa designada en sustitución interina en el puesto de Gerente de Compras.

18. El 14 de abril de 2023, el apelante remitió una comunicación a la directora de Recursos Humanos y Relaciones Laborales con fecha de 10 de abril de 2023, en la que solicitó [que] se dejara sin el interinato de Gerente de Compras, por razón de que la empleada no llena los requisitos mínimos de experiencia para el puesto.

19. El 27 de abril de 2013 la entonces directora de Recursos Humanos y Relaciones Laborales notificó que no procedía dejar sin efecto la sustitución interina de Gerente de Compras y le aclaró al apelante que es prerrogativa gerencial que el Reglamento faculta a la Autoridad para aprobar una sustitución interina a aquellos empleados que cumplan con todos los requisitos mínimos o al menos los requisitos de preparación académica.

**20. La empleada fue la única candidata evaluada para ocupar el interinato.**

**21. El apelante no fue considerado ni evaluado por la parte apelada para ocupar el puesto de Gerente de Compras mediante nombramiento interino a pesar de llenar los requisitos mínimos establecidos para la clase de puesto.**

22. La empleada devenga un salario por hora de $10.87 en el puesto unionado de Analista de Compras.

23. La parte apelada autorizó a la empleada un salario por hora de $23.07 en el interinato del puesto de Gerente de Compras. Tal cantidad equivale a una diferencia de aumento salarial de $12.20 por hora.

24. El apelante devenga un salario por hora de $17.23 (escala salarial 4) en su puesto de Oficial de Servicios Gerenciales." (énfasis suplido).

El 25 de abril de 2024, notificada el 22 de mayo de 2024, la Oficina de Apelaciones de la AAA emitió la *Resolución Final* recurrida.[6] En síntesis, el foro recurrido concluyó que la designación de interinato al puesto de Gerente de Compras en el Directorado de Compras y Logística de la AAA requería que el empleado reuniera tanto los requisitos mínimos de preparación académica como los de

---

[6] Apéndice 1 de *Solicitud de Revisión,* a la págs. 1-11.

experiencia exigidos por la *Norma de Reclutamiento Gerente de Compras G-1527*. A la luz de lo anterior, se declaró Con Lugar el recurso de *Apelación* presentado por el Sr. Cruz Vega **en cuanto a** que la Sra. Mariangelys Viruet Díaz no cumplía con todos los requisitos requeridos para ocupar el puesto por no contar con la experiencia requerida y, en consecuencia, se ordenó a que concluyera su interinato una vez adviniera final y firme la resolución.

El 14 de mayo de 2024, el Sr. Cruz Vega presentó una *Moción en Solicitud de Reconsideración*,[7] en la cual solicitó la reconsideración parcial de la decisión emitida por la Oficina de Apelaciones de la AAA. Entre otros remedios, el Sr. Cruz Vega solicitó que se ordenara su nombramiento interino al puesto en cuestión, así como el pago de los haberes dejados de devengar por concepto de interinato desde el 29 de diciembre de 2022, más gastos y honorarios de abogado.

El 21 de mayo de 2024, notificada el 22 de mayo de 2024, la Oficina de Apelaciones de la AAA emitió una *Resolución*[8] en atención a la solicitud de reconsideración presentada por el Sr. Cruz Vega, en la que dispuso lo siguiente:

> "La Solicitud de Reconsideración presentada por el apelante es inmeritoria. En la Resolución Final se adjudicó lo que en derecho procedía. La decisión de designar a una persona en carácter de interinato corresponde a la Autoridad. El apelante no tiene derecho adquirido para que se le nombre en tal capacidad. En el caso solo se resolvió lo concerniente a la persona que fue designada interinamente, pero ello no es cónsono que el apelante tenga que ser seleccionado o nombrado para el puesto interinamente. Se trata de una prerrogativa de la Autoridad designar una persona o ninguna."

En desacuerdo con la determinación de la Oficina de Apelaciones de la AAA, el Sr. Cruz Vega acudió ante nos mediante

---

[7] Apéndice 3 de *Solicitud de Revisión*, a la págs. 15-28.
[8] Apéndice 2 de *Solicitud de Revisión*, a la págs. 12-14.

la presente *Solicitud de Revisión*. En esta, señala la comisión por el foro recurrido de los errores siguientes:

> Erró el Juez Administrativo al no conceder el remedio apropiado que en derecho procede y ordenar únicamente como remedio que el interinato en este caso no procede y debe concluirse una vez advenga final y firme la Resolución Final y al no conceder el remedio solicitado por la parte recurrente consistente en determinar que para su validez jurídica, el interinato requiere que el empleado designado cumpla con todos los requisitos mínimos del puesto y ordenar el nombramiento interino del recurrente en el puesto de Gerente de Compras.

> Erró el Juez Administrativo al no exponer conclusiones de derecho específicas sobre el alcance y aplicación de la Resolución Final a la administración de recursos humanos en la AAA y en particular a la extensión de nombramientos de interinato en puestos gerenciales en el servicio de carrera de las disposiciones del Reglamento de Recursos Humanos de la AAA y de la Ley 8-2017, según enmendada.

> Erró el Juez Administrativo al no concluir expresamente que el nombramiento autorizado por la parte recurrida adolece de nulidad a la luz del estado de derecho vigente; esto incluye experiencia y diferencial.

> Erró el Juez Administrativo al no ordenar el nombramiento interino del recurrente en el puesto de Gerente de Compras, debido a la necesidad del servicio en el área Compras y Logística, el pago del diferencial de salarios dejados de devengar y la acreditación de la experiencia durante el periodo del 29 de diciembre de 2022 hasta el presente.

El 10 de julio de 2024, la AAA presentó Alegato en *Oposición al Recurso de Revisión*. Así, contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**A.**

La revisión judicial de las decisiones administrativas tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable. *Unlimited v. Mun. de Guaynabo*, 183 DPR 947, 965 (2011); *Empresas Ferré v. A.R.Pe.,* 172 DPR 254, 264 (2007). A esos efectos, la revisión judicial comprende tres aspectos: la concesión del remedio apropiado, la revisión de las determinaciones de hecho

conforme al criterio de evidencia sustancial, y la revisión completa de las conclusiones de derecho. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 217 (2012), citando a *Asoc. Fcías v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010); *Mun. de. San Juan v. J.CA.*, 149 DPR 263, 279-280 (1999).

En cuanto al alcance de la revisión judicial en las determinaciones administrativas, los dictámenes de los organismos administrativos merecen la mayor deferencia judicial. *Pérez López v. Depto. Corrección*, 208 DPR 656 (2022); *DACO v. Toys "R" Us*, 191 DPR 760 (2014). Véase, además, *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 821, (2012); *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1002 (2011); *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006); *San Vicente v. Policía de P.R.*, 142 DPR 1 (1996). Esto es así, pues, son las agencias administrativas con la vasta experiencia y el conocimiento especializado para atender los asuntos que se le encomiendan. *Mun. San Juan v. Plaza Las Américas*, 169 DPR 310, 323 (2006). Por tal razón, el alcance de la revisión judicial a una determinación final de una agencia administrativa se limitará a "determinar si la agencia actuó arbitraria, ilegal o irrazonablemente en abuso a su discreción". *Pérez López v. Depto. Corrección,* supra, en la pág. 673.

Sobre las determinaciones de hechos, el Tribunal Supremo ha establecido que las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Batista, Nobbe v. Jta. Directores,* supra, pág. 216, citando a *Pereira Suárez v. Jta. Dir. Cond.*, 182 DPR 485, 511-512 (2011); *Domínguez v. Caguas Expressway Motors*, 148 DPR 387, 397-398 (1999). La evidencia sustancial es "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Íd.*, citando a *Pereira Suárez v. Jta.*

*Dir. Cond.*, supra*; Otero v. Toyota,* 163 DPR 716, 728 (2005). Dicho análisis requiere que la evidencia sea considerada en su totalidad, esto es, tanto la que sostenga la decisión administrativa como la que menoscabe el peso que la agencia le haya conferido. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 437 (1997). Ello implica que, de existir un conflicto razonable en la prueba, debe respetarse la apreciación de la agencia. *Hilton Hotels v. Junta Salario Mínimo,* 74 DPR 670, 687 (1953).

Debido a la presunción de regularidad y corrección de los procedimientos y las decisiones de las agencias administrativas, quien alegue ausencia de evidencia sustancial tendrá que presentar prueba suficiente para derrotar esta presunción, no pudiendo descansar en meras alegaciones. *Pacheco v. Estancias,* 160 DPR 409, 431 (2003). Para ello, deberá demostrar que existe otra prueba en el expediente, que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. *Gutiérrez Vázquez v. Hernández y otros,* 172 DPR 232, 245 (2007).

Si la parte afectada no demuestra la existencia de otra prueba que sostenga que la actuación de la agencia no está basada en evidencia sustancial o que reduzca o menoscabe el valor de la evidencia impugnada, el tribunal respetará las determinaciones de hecho y no sustituirá el criterio de la agencia por el suyo. *Otero v. Toyota,* supra.

En cambio, las conclusiones de derecho son revisables en todos sus aspectos. *García Reyes v. Cruz Auto corp.,* 173 DPR 870, 894 (2008). De esta manera, los tribunales, al realizar su función revisora, están compelidos a considerar la especialización y la experiencia de la agencia con respecto a las leyes y reglamentos que administra. *Asoc. Vec. H. San Jorge v. U. Med. Corp.,* 150 DPR 70,

75-76 (2000). Así pues, si el punto de derecho no conlleva interpretación dentro del marco de la especialidad de la agencia, entonces el mismo es revisable sin limitación. *Rivera v. A & C Development Corp.*, 144 DPR 450, 461 (1997).

Sin embargo, aun cuando el tribunal tiene facultad para revisar en todos sus aspectos las conclusiones de derecho de una agencia, se ha establecido que ello no implica que los tribunales revisores tienen la libertad absoluta para descartarlas libremente. *López Borges v. Adm. Corrección*, 185 DPR 603, 626 (2012); *Federation Des Ind. v. Ebel*, 172 DPR 615, 648 (2007).

Si del análisis realizado se desprende que la interpretación que hace una agencia de su reglamento o de la ley que viene llamada a poner en vigor resulta razonable, el tribunal debe abstenerse de intervenir. *Cruz v. Administración*, 164 DPR 341, 357 (2005).

Finalmente, cabe citar lo que la Ley Núm. 38-2017, según enmendada, conocida como *"Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico"*, 3 LPRA sec. 9601 *et seq.*, dispone en cuanto al alcance de la revisión judicial y los remedios. La Sección 4.5 de la Ley Núm. 38-2017, *infra*, dispone que:

> "El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio. Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo. Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal."

A su vez, la Sección 4.6 de la Ley Núm. 38-2017, *infra*, dispone que:

> "El Tribunal de Apelaciones revisará como cuestión de derecho las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. La mera presentación del recurso no paralizará el trámite en el organismo o agencia administrativa, a menos que el Tribunal así lo determine. El procedimiento a seguir para los recursos de revisión será de acuerdo con lo establecido en el Reglamento del Tribunal de Apelaciones aprobado por el Tribunal Supremo. No será obligatoria la comparecencia del Gobierno de Puerto Rico ante el Tribunal de Apelaciones a menos que así lo

ordene el Tribunal. El tribunal podrá conceder el remedio solicitado o cualquier otro remedio que considere apropiado, incluyendo recursos extraordinarios aunque no haya sido solicitado, y podrá conceder honorarios razonables de abogados, costos y gastos a cualquier parte que haya prevalecido en la revisión judicial."

**B.**

La Autoridad de Acueductos y Alcantarillados de Puerto Rico (en adelante, Autoridad) es una corporación pública e instrumentalidad gubernamental creada por la Ley Núm. 40 de 1 de mayo de 1945, según enmendada, conocida como *"Ley de Acueductos y Alcantarillados de Puerto Rico"*, 22 LPRA sec. 141 *et seq.*, "con el fin de proveer y ayudar a proveer a los ciudadanos un servicio adecuado de agua y de alcantarillado sanitario y cualquier otro servicio o instalación incidental o propio de [e]stos." Véase, Artículos 2 y 4 de la Ley Núm. 40 de 1 de mayo de 1945, *supra*.

Con el fin de cumplir con sus propósitos, la Autoridad "tendrá y podrá ejercer todos los derechos y poderes que sean necesarios o convenientes", entre estos:

"[...]

**(f)** nombrar funcionarios, agentes y empleados, y determinar para ellos aquellas facultades y deberes que la Aut3oridad determine y, sin limitación, emplear por contrato o de otra manera aquellos ingenieros consultores, superintendentes, administradores y aquellos otros ingenieros, expertos de construcción y de contabilidad, abogados y otros empleados y agentes que sean necesarios a juicio de la Autoridad.

[...]

**(k)** Formular, adoptar, enmendar y derogar reglamentos para regir la manera en que sus negocios en general pueden conducirse y los poderes y deberes que por ley se le conceden e imponen, pueden ejercitarse y desempeñarse.

[...]." *Íd.*

A la Autoridad no le aplican las disposiciones de la Ley Núm. 8-2017, según enmendada, conocida como *"Ley para la Administración y Transformación de los Recursos Humanos en el*

*Gobierno de Puerto Rico"*, 3 LPRA 1469 *et seq,* por ser una corporación pública. Artículo 5.2 (3) de la Ley Núm. 8-2017, *supra.* No obstante, conforme a lo dispuesto en el Artículo 5.2 de la Ley Núm. 8-2017, *supra*, las corporaciones públicas o público privadas tienen el deber de "adoptar reglamentos de personal que incorporen el principio de mérito a la administración de sus recursos humanos, conforme lo dispone esta Ley."

En virtud del Artículo 4 (k) de la Ley Núm. 40 de 1 de mayo de 1945, *supra,* y de la Sección 5.3 de la derogada Ley Núm. 184-2004, según enmendada, conocida como *"Ley para la Administración de los Recursos Humanos en el Servicio Público del Estado Libre Asociado de Puerto Rico"*, 3 LPRA ant. sec. 1461e,[9] la Autoridad adoptó el Reglamento de Recursos Humanos de la Autoridad de Acueductos y Alcantarillados *para todos los empleados regulares no cubiertos por convenios colectivos* del 28 de febrero de 2008, con el propósito de "establecer las normas orientadas hacia el principio de mérito en su diseño, aplicación e interpretación" y "de poveer mayor agilidad y eficiencia en la Administración de Recursos Humanos." Artículo 4 del Reglamento de Recursos Humanos, *supra.*

El principio de méritos, según se define en el Artículo 3 (35) de la Ley Núm. 8-2017, *supra,* significa que:

> "[T]odos los empleados públicos serán reclutados, seleccionados, adiestrados, ascendidos, trasladados, descendidos y retenidos en consideración a su capacidad y desempeño de las funciones inherentes al puesto y sin discrimen por razón de raza, color, nacimiento, sexo, edad, orientación sexual, identidad de género, origen, condición social, ni por sus ideales políticos, religiosos, condición de veterano, por ser víctima o ser percibida como víctima de violencia doméstica, agresión sexual, acecho, impedimento físico o mental."

Además, para propósitos de este Reglamento, los conceptos Autoridad Nominadora, Certificación de Elegibles, Elegible,

---

[9] Esta Ley fue derogada y sustituida por la Ley Núm. 8-2017, *supra.*

Interinato, Nombramiento, y Registro de Elegibles, tienen los significados siguientes:

**"[…]**

**5. Autoridad Nominadora** - el Presidente Ejecutivo o cualquier funcionario autorizado por éste para realizar actividades relacionadas con la administración de recursos humanos.

[…]

**7. Certificación de Elegibles** - documento mediante el cual la autoridad nominadora certifica candidatos para cubrir puestos vacantes y refiere para entrevista los nombres de aquellos candidatos que estén en turno de certificación en orden descendente de nota y que acepten las condiciones de empleo establecidas.

[…]

**15. Elegible** - persona cualificada para ocupar un puesto o ser considerado para nombramiento en el servicio público conforme a la reglamentación vigente y al principio del mérito.

[…]

**21. Interinato** - designación oficial autorizado por la Autoridad Nominadora a realizar temporeramente todas las funciones de un puesto superior y vacante o en el cual el incumbente no está ejerciendo sus funciones, y que reúne los requisitos mínimos para ocupar el puesto.

**22. Nombramiento** - designación oficial de una persona para ocupar un puesto, sujeta a la prestación del Juramento de Fidelidad y Toma de Posesión requerido por Ley.

[…]

**27. Registro de Elegibles** - lista de nombres de personas que han cualificado para una clase de puesto determinada."Artículo 6 del Reglamento de Recursos Humanos, *supra.*

En lo pertinente al caso ante nuestra consideración, la Sección 10.5 del Reglamento de Recursos Humanos, *supra*, dispone, que "[s]e establecerá un registro de elegibles en orden de calificaciones con el nombre de las personas que hayan aprobado el examen o evaluación". Estos registros, "tendrán vigencia de seis (6) meses […] y "[l]uego de finalizado este período, se procederá a cancelarlos." *Íd.* "Se podrán cancelar también por una causa

justificada o por un cambio en la valoración de la clase para la cual se abrió el registro." *Íd.*

Por otra parte, cabe mencionar que, en virtud de la Ley Núm. 40 de 1 de mayo de 1945, *supra*, y la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como *"Ley de Procedimiento Administrativo del Estado Libre Asociado de Puerto Rico"*, 3 LPRA ant. sec. 2101 *et seq.*,[10] se creó la Oficina de Apelaciones de la AAA con el propósito de establecer "un foro apelativo con el fin de atender y resolver en forma diligente, ordenada y justa todas las controversias que sean presentadas ante su consideración y sobre las cuales posea jurisdicción." Artículo 19, Sección 19.1 del Reglamento de Recursos Humanos, *supra.* La Oficina de Apelaciones de la AAA es, según se define en el Artículo 6 (10) del Reglamento de Recursos Humanos, *supra*:

> "[U]n organismo administrativo al cual pueden recurrir los empleados regulares no cubiertos por convenios colectivos que entiendan se han afectado por decisiones administrativas relacionadas con medidas disciplinarias que conlleven exclusivamente destitución o suspensión de empleo y sueldo, para atender controversias sobre determinaciones o acciones del Presidente Ejecutivo o su Representante Autorizado relacionadas con valoración de puestos, reclutamiento, ascensos, traslados, descensos, retención, salarios y cualquier otro derecho otorgado por esta reglamentación."

En cuanto a su jurisdicción, el Artículo 19, Sección 19.2 del Reglamento de Recursos Humanos, *supra*, dispone lo siguiente:

> "La Oficina de Apelaciones tendrá jurisdicción sobre las controversias que presenten los empleados regulares relacionadas con medidas disciplinarias que conlleven exclusivamente destitución o suspensión de empleo y sueldo. De igual manera, tendrá jurisdicción para atender controversias sobre determinaciones o acciones del Presidente Ejecutivo o su Representante Autorizado relacionadas con valoración de puestos, reclutamiento, ascensos, traslados, descensos, retención, salarios y cualquier otro derecho otorgado por esta reglamentación relacionado con los empleados regulares que no est[é]n cubiertos por convenios

---

[10] Esta Ley fue derogada y sustituida por la Ley Núm. 38-2017, según enmendada, conocida como *"Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico"*, 3 LPRA sec. 9601 *et seq.*

colectivos. [...]"[11]

El Reglamento de Recursos Humanos, *supra*, dispone que la Oficina de Apelaciones de la AAA "vendrá obligada a confirmar, revocar o modificar la acción o decisión apelada conforme al derecho aplicable." Además, "adoptará reglamentación a los fines de regular sus procedimientos acorde[s] con las disposiciones de este Reglamento y la legislación aplicable." Artículo 19, Sección 19.4 del Recursos Humanos, *supra*,

De acuerdo con lo dispuesto en el Artículo 19, Sección 19.4 del Recursos Humanos, *supra*, se aprobó el Reglamento de la Oficina de Apelaciones de la Autoridad de Acueductos Alcantarillados de Puerto Rico, el cual entró en vigor el 8 de abril de 2008.[12]

En cuanto a las apelaciones, el Artículo IV del Reglamento de la Oficina de Apelaciones, *supra*, dispone lo siguiente:

> "[...] Cualquier empleado de carrera de la Autoridad de Acueductos y Alcantarillados de Puerto Rico no cubierto por convenio colectivo que sea destituido o suspendido de empleo y sueldo podrá apelar esa determinación ante la Oficina. De igual manera, el empleado podrá cuestionar ante dicha Oficina cualquier acción o decisión del Presidente Ejecutivo o su Representante Autorizado relacionado con valoración de puestos, reclutamiento, ascensos, traslados, descensos, retención, salarios y cualquier otro derecho otorgado por esa reglamentación relacionado con los empleados regulares que no estén cubiertos por convenios colectivos.
>
> [...] El término para apelar ante la Oficina será de diez (1O) días laborables a partir de la fecha en que se le notifique la formulación de cargos y la decisión de destituirlo o suspenderlo de empleo y sueldo, o a partir de la fecha en que el Presidente Ejecutivo osu Representante tome la acción o decisión de la cual se apela. Este término será final e improrrogable, por lo que la Oficina carecerá de jurisdicción para entender en cualquier caso en que la apelación se haya interpuesto fuera del mismo."

En cuanto a su jurisdicción, el Artículo VIII del Reglamento de

---

[11] Véase, además, Artículo IV del Reglamento de la Oficina de Apelaciones de la AAA, aprobado por la Junta de Gobierno mediante la Resolución Núm. 2374 del 18 de abril de 2008, el cual entró en vigor el 8 de abril de 2008.

[12] El Reglamento se aprobó mediante la Resolución Núm. 2374 del 18 de abril de 2008.

la Oficina de Apelaciones, *supra*, reitera lo siguiente:

> "La Oficina tiene jurisdicción para conocer y resolver las apelaciones que se radiquen ante el mismo de acuerdo con la Sección 19.2 del Reglamento de Recursos Humanos de la Autoridad de Acueductos y Alcantarillados, siempre que las apelaciones se radiquen en el término establecido y en cumplimiento con la referida sección. Por disposición del Reglamento de Recursos Humanos la Oficina de Apelaciones carece de jurisdicción para entender:
>
> a) en casos de empleados unionados cubiertos por convenios colectivos suscritos entre la Autoridad y sus empleados.
>
> b) en los casos que no se radique en el término que se indica en la Sección 19.2 del Reglamento de Recursos Humanos de la Autoridad de Acueductos y Alcantarillados de Puerto Rico.
>
> c) en tos casos en que la controversia no se circunscriba a asuntos contemplados en la Sección 19.2 del Reglamento de Recursos Humanos de la Autoridad de Acueductos y Alcantarillados de Puerto Rico."

Finalmente, en cuanto a sus decisiones, el Artículo IX del Reglamento de la Oficina de Apelaciones, *supra*, dispone lo siguiente:

> "[...] El Juez Administrativo tomará decisiones luego de considerar toda la prueba desfilada pudiendo confirmar, revocar o modificar la acción o decisión de la cual se apela. En casos en que la destitución o suspensión de empleo y sueldo del empleado se haga efectiva al notificarte la formulación de cargos y se decida revocar o modificar la acción de la Autoridad, la Oficina podrá ordenar la reposición del empleado con paga parcial o sin paga. Las decisiones se emitirán por escrito bajo la firma del Juez Administrativo.
> Las determinaciones o resoluciones de la Oficina podrán ser revisadas ante el Tribunal de Apelaciones conforme a la Ley de Procedimiento Administrativo Uniforme de Puerto Rico."

### III.

En su *Solicitud de Revisión*, el Sr. Cruz Vega solicita la revisión parcial de la *Resolución Final* emitida el 25 de abril de 2024 por la Oficina de Apelaciones de la AAA. En particular, el recurrente no está en desacuerdo con la determinación de que la Sra. Mariangelys Viruet Díaz no cumplía con todos los requisitos requeridos para ocupar el puesto, sino con el remedio concedido por la Oficina de

Apelaciones de la AAA por alegadamente ser inadecuado, incompleto,[13] irrazonable, injusto y contrario a derecho.[14] Según su contención, el remedio concedido:

> "lo que promueve es que la parte recurrida "concluya" el interinato de la señora Viruet Díaz prospectivamente sin ninguna consecuencia legal y extienda dicho interinato a otro empleado en menosprecio del derecho adquirido por el recurrente quien fue el único candidato que efectuó una reclamación oportuna y que al ser favorecido tiene derecho a la concesión del remedio apropiado a tenor con la ley y el estado de derecho vigente".[15]

El Sr. Cruz Vega señala que el foro recurrido erró "al no conceder el remedio apropiado que en derecho procede [...] y al no conceder el remedio solicitado por la parte recurrente consistente en determinar que para su validez jurídica, el interinato requiere que el empleado designado cumpla con todos los requisitos mínimos del puesto y ordenar el nombramiento interino del recurrente en el puesto de Gerente de Compras"; "al no exponer conclusiones de derecho específicas sobre el alcance y aplicación de la Resolución Final a la administración de recursos humanos en la AAA y en particular a la extensión de nombramientos de interinato en puestos gerenciales en el servicio de carrera de las disposiciones del Reglamento de Recursos Humanos de la AAA y de la Ley 8-2017, según enmendada"; "al no concluir expresamente que el nombramiento autorizado por la parte recurrida adolece de nulidad a la luz del estado de derecho vigente; esto incluye experiencia y diferencial", y "al no ordenar el nombramiento interino del recurrente en el puesto de Gerente de Compras, debido a la necesidad del servicio en el área Compras y Logística, el pago del diferencial de salarios dejados de devengar y la acreditación de la

---

[13] Véase, *Solicitud de Revisión*, a la pág. 11.
[14] Véase, *Solicitud de Revisión*, a la pág. 16.
[15] Véase, *Solicitud de Revisión*, a la pág. 11.

experiencia durante el periodo del 29 de diciembre de 2022 hasta el presente".

Al respecto, el Sr. Cruz Vega argumenta que el foro recurrido debió declarar nula la designación de la Sra. Viruet Díaz con todo lo que ello conllevaría con respecto a la devolución de los salarios y beneficios devengados y la acreditación de la experiencia. Además, argumenta que también debió ordenar como parte de los remedios concedidos su designación interina al puesto en cuestión por alegadamente ser el único candidato solicitante que al momento de extenderse el nombramiento cumplía con todos los requisitos requeridos para ocuparlo. Además, alega que procedía que "se le extienda el nombramiento interino en el puesto de Gerente de Compras al recurrente retroactivo a la fecha en que de forma ilegal se nombró a la señora Viruet Díaz"; "se ordene a la recurrida el pago de todos los salarios y beneficios dejados de devengar correspondientes a dicho interinato hasta el presente", y se le acredite la experiencia en el puesto durante el periodo de vigencia del interinato."[16] El Sr. Cruz Vega añade como parte de su reclamo que:

> "Las consideraciones y consecuencias de naturaleza administrativa, jurídica y ética antes expuestas requerían que el Juez Administrativo ampliara sus Conclusiones de Derecho y estableciera con claridad y precisión que el nombramiento interino efectuado por la parte recurrida adolece de nulidad y no confiere derecho alguno, que el nombramiento interino en un puesto regular gerencial de carrera en la AAA requiere que el empleado cumpla con todos los requisitos mínimos del puesto vacante a ser cubierto mediante interinato; y que a tales efectos correspondía ordenar a la parte recurrida atemperar la reglamentación de Recursos Humanos interna para que dicho proceso cumpla con el principio de mérito y las disposiciones de la Ley 8-2017, según enmendada. De no ser así, la recurrida le otorgaría el interinato o la plaza en ascenso con la experiencia adquirida ilegalmente; violando nuevamente el principio de mérito."[17]

---

[16] Véase, *Solicitud de Revisión*, a la pág. 11.
[17] Véase, *Solicitud de Revisión*, a la pág. 15.

Por su parte, en su *Alegato en Oposición al Recurso de Revisión,* la parte recurrida sostiene la corrección de la decisión de la Oficina de Apelaciones de la AAA. Al respecto, alega lo siguiente:

"[E]l hecho de haberse declarado que el interinato en cuestión no procedía, no le otorga al recurrente derecho a ser designado en el interinato como Gerente de Compras. La decisión de designar a una persona a interinato es una prerrogativa gerencial que le corresponde a la Autoridad. Por tanto, ese remedio no podía concederse por el Juez Administrativo por no existir un derecho a ello en el tipo de transacción de personal en controversia. [...] [N]o es correcto alegar que el remedio apropiado era designar al recurrente a realizar el interinato y mucho menos apropiado pagar por unos servicios que no rindió y que no corresponden a funciones para la cual tiene un derecho propietario. En esa medida, tampoco corresponde acreditarle la experiencia. [...] El hecho de haber impugnado la designación de la empleada Mariangelys Viruet Díaz a interinato y haberse declarado por el Juez, que el interinato no procedía no le reconoce al recurrente ni le hace adquirir un derecho a ser designado. [...] No existe disposición alguna en el Reglamento o en derecho que reconozca a un empleado a ocupar un puesto en interinato por tan solo cumplir con los requisitos exigidos y de la clasificación aplicable, esto sin que medie la autorización y/o designación oficial de la Autoridad Nominadora.

[...]

[C]ontrario a lo que solicita como remedio el recurrente sobre la nulidad e inexistencia del interinato impugnado, nuestro ordenamiento jurídico reconoce que un acto anulable es inicialmente eficaz y surte los efectos propios de un acto válido. En virtud de ello, la designación a interinato aquí impugnada surtió efectos hasta que se declaró por la Oficina de Apelaciones que el interinato en este caso no procedía y concedió como remedio que el mismo concluyera su eficacia al advenir final y firme la Resolución Final.

Nótese, que la AAA designó el interinato en controversia en virtud del Artículo 15.1 inciso 2 (a) 2, lo que en principio tuvo eficacia hasta tanto el Juez determinó que el interinato no procedía. A tal efecto, la empleada designada desempeñó las labores, lo que le dio derecho a ser remunerada y no debe ser penalizada por algo que estuvo fuera de su control. Por tanto, el recobro de salarios no puede ser un remedio apropiado. A tal efecto, no procede otorgar un remedio de pago de salarios y acreditar experiencia a un funcionario que no tiene un derecho propietario sobre el puesto ni ha desempeñado las funciones de este.

[...]."[18]

---

[18] Véase, *Alegato en Oposición al Recurso de Revisión,* págs. 13-18.

En la *Resolución Final* de 25 de abril de 2024 la Oficina de Apelaciones de la AAA acogió e hizo formar parte de su dictamen las determinaciones de hechos estipuladas por las partes. Además, expuso lo dispuesto en la *Norma de Reclutamiento Gerente de Compras G-1527* con relación al puesto en cuestión y las secciones del Reglamento de Recursos Humanos, *supra*, relacionadas al interinato. Finalmente, luego un análisis de las referidas disposiciones legales, concluyó que la designación de interinato al puesto de Gerente de Compras en el Directorado de Compras y Logística de la AAA requería que el empleado reuniera tanto los requisitos mínimos de preparación académica como los de experiencia exigidos por la *Norma de Reclutamiento Gerente de Compras G-1527*; declaró Con Lugar el recurso de *Apelación* presentado por el Sr. Cruz Vega en cuanto a que la Sra. Mariangelys Viruet Díaz no cumplía con todos los requisitos requeridos para ocupar el puesto por no contar con la experiencia requerida, y ordenó a que concluyera su interinato una vez adviniera final y firme la resolución.

En cuanto a la solicitud para que se nombrara al Sr. Cruz Vega al puesto en cuestión, la Oficina de Apelaciones de la AAA resolvió posteriormente en la *Resolución* de 21 de mayo de 2024 lo siguiente:

> "[...] En la Resolución Final se adjudicó lo que en derecho procedía. La decisión de designar a una persona en carácter de interinato corresponde a la Autoridad. El apelante no tiene derecho adquirido para que se le nombre en tal capacidad. En el caso solo se resolvió lo concerniente a la persona que fue designada interinamente, pero ello no es cónsono que el apelante tenga que ser seleccionado o nombrado para el puesto interinamente. Se trata de una prerrogativa de la Autoridad designar una persona o ninguna."[19]

---

[19] Apéndice 2 de *Solicitud de Revisión*, a la págs. 12-14.

Al examinar cuidadosamente los hechos y las disposiciones legales aplicables, concluimos que, contrario a lo planteado por el Sr. Cruz Vega, el remedio concedido por la Oficina de Apelaciones de la AAA en el dictamen recurrido fue uno adecuado y completo en ley.

A nuestro juicio, los remedios solicitados por el Sr. Cruz Vega ante la Oficina de Apelaciones de la AAA con respecto a su nombramiento, la extensión de la determinación del dictamen recurrido a los cuerpos reglamentarios de la AAA, y la nulidad de la designación de la Sra. Mariangelys Viruet Díaz, no eran razonables y excedían el ámbito de los que el foro recurrido estaba facultado para otorgar en este caso en particular, así como los procedimientos para su concesión.

Cabe aclarar que, según la Sección 10.5 (5) del Reglamento de Recursos Humanos, *supra*, los registro de elegibles tienen vigencia de seis (6) meses y, luego de finalizado este período, se cancelan. *Íd.* En el caso del Sr. Cruz Vega, el registro de elegibles en el que fue incluido en el 2019 para ser considerado para el puesto en cuestión, venció mucho antes de que surgiera la oportunidad para ocuparlo interinamente, por lo que entendemos que este no podía ser considerado.[20]

**IV.**

Por los fundamentos anteriormente expuestos, se confirma la *Resolución Final* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[20] Apéndice 12 de *Solicitud de Revisión,* a la págs. 147-165.